IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRED SMITH,

    Plaintiff,                   No. CIV S-03-1939 DFL JFM P

    vs.

WARDEN D. L. RUNNELS, et al.,

    Defendants.               FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. This matter is before the court on defendants' Rule 12(b) motion to dismiss this action for failure to exhaust administrative remedies prior to suit.

        This action is proceeding on plaintiff's amended complaint filed October 14, 2003. Plaintiff's amended complaint contains the following allegations. At 9:30 a.m. on June 17, 2003, defendant Correctional Officer Zils was given an inmate manufactured weapon and information that white inmates and black inmates were going to fight on the exercise yard at High Desert State Prison (High Desert). Seven minutes later, white inmates commenced an "all out attack" on black inmates, during which several black inmates suffered stabbing injuries. Following the riot, all inmates were placed on lockdown status. Approximately ten days later, all inmates except white and black inmates were released from lockdown. Plaintiff remained on

lockdown status at least until October 5, 2003, when the amended complaint was filed.[1]  Plaintiff claims that defendant Zils failed to avert the riot.  Plaintiff further claims that defendant Runnels knowingly imposed unconstitutional conditions of confinement on the locked down inmates.

"Section 1997e(a) of Title 42 of the United States Code provides:

> No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

This exhaustion requirement is mandatory.  Booth v. Churner, 532 U.S. 731, 741 (2001)." McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002).  Exhaustion must precede the filing of the complaint and compliance with the statute is not achieved by satisfying the exhaustion requirement during the course of an action.  Id.  Defendants have the burden of establishing that plaintiff failed to satisfy the exhaustion requirement of 42 U.S.C. § 1997e(a).  See Wyatt, 315 F.3d at 1120.

        In support of their motion, defendants present evidence that plaintiff did not file any grievance while at High Desert concerning either defendant Zils' failure to protect inmates from the race riot or the conditions of confinement to which locked down inmates were subjected thereafter.  (See Declaration of H. Wagner in Support of Defendants' Motion to Dismiss for Non-Exhaustion of Administrative Remedies, filed September 13, 2004, at ¶ 5.)  In opposition to the motion, plaintiff has submitted his own declaration in which he avers that he filed an inmate grievance (602) but never received any response.  (Plaintiff's Notice of Motion in Opposition to Despondenti [sic] Motion to Dismiss, filed November 22, 2004.)  Plaintiff further avers that he also sent a grievance to the Director of the California Department of Corrections (CDC) "notifying him of my situation, and the failure of High Desert Administrative Appeals office" to respond to his complaint, which was also ignored.  (Id.)  Plaintiff further avers that he contacted

---

[1] On December 29, 2003, plaintiff filed a notice of change of address stating that he had been transferred to Salinas Valley State Prison.

2

1  the Internal Affairs Office and was interviewed and ultimately transferred from High Desert in
2  December 2003.  (Id.)  Plaintiff does not, however, specify when he submitted the grievances.
3    The administrative grievance procedure for inmates in the California Department
4  of Corrections ("CDC") has four levels: (1) informal complaint; (2) first formal appeal to an
5  appeals coordinator; (3) second formal appeal to the institution head, regional parole
6  administrator, or their designee; and (4) third and final level appeal to a designated representative
7  of the director under supervision of the chief, inmate appeals.  15 Cal.Code. Reg. § 3084.5.  The
8  timelines for responding to grievances at each level are as follows:  (1) ten working days at the
9  informal level; (2) thirty working days at the first formal level of review; (3) twenty working
10 days at the second formal level of review, or thirty working days at said level if the first formal
11 level was waived; and (4) sixty working days at the third and final level of review.  15 Cal.Code
12 Reg. § 3084.6.
13   In order to exhaust administrative remedies, plaintiff was required to present his
14 grievance at the informal, formal, and final levels of review.  Even if review at the first formal
15 level was waived, prison officials were entitled to a total of one hundred working days to respond
16 to grievances at the informal (ten), second formal (thirty), and final levels of review (sixty).  The
17 events at issue in this action commenced on June 17, 2003, and this action was filed ninety days
18 later on September 16, 2003.  Even assuming arguendo that plaintiff did submit grievances at
19 each required level of administrative review,[2] it is plain that he did not wait until the time for
20 administrative responses expired before filing this action.[3]  For this reason, this court finds that
21 /////

---

[2] Plaintiff's declaration does not clearly set forth the dates on which he filed inmate grievances nor, with the exception of the Director's Level, the levels of review to which the grievances were submitted

[3] Plaintiff's contention that his grievances were ignored at each level of review is unavailing under the circumstances of this case, since it is not clear whether the grievances were ignored at each level or, instead, whether plaintiff failed to wait until the time for responses had expired at each level before proceeding to the next level of review.

plaintiff failed to exhaust administrative remedies prior to filing this action and will therefore recommend that defendants' motion be granted and this action be dismissed without prejudice.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Defendants' September 13, 2004 motion to dismiss be granted; and

2. This action be dismissed without prejudice for failure to exhaust administrative remedies prior to suit.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 3, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

12
smit1939.mtd